IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEPHEN W. OWENS, | ) | No. C 08-0291 JSW (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| | ) | |
| vs. | ) | |
| | ) | |
| SANTA CLARA POLICE | ) | (Docket No. 2) |
| DEPARTMENT, SERGEANT ALBERT | ) | |
| WEIR, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a detainee at the Santa Clara County Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff has also filed an application to proceed in forma pauperis, which is GRANTED in a separate order filed simultaneously (docket no. 2). The Court now reviews the complaint under 28 U.S.C. § 1915A(a) and DISMISSES the complaint for the reasons set forth below.

**DISCUSSION**

Plaintiff's complaint is brief and does not include much detail. However, it is clear from the complaint that Plaintiff is challenging his arrest on a pending criminal complaint in violation of the Fourth Amendment. Plaintiff alleges that Sergeant Weir arrested him because he is African-American. In the section of the Court's Complaint form regarding relief, Plaintiff has requested the courts "give me relief of [sic] prosecution and to hold Serge[a]nt A. Weir accountable for the 4th Amendment violation." Complaint at 4.

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which

1    prisoners seek redress from a governmental entity or officer or employee of a

2    governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify

3    any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to

4    state a claim upon which relief may be granted, or seek monetary relief from a

5    defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2). Pro se

6    pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d

7    696, 699 (9th Cir. 1990).

8        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

9    elements:  (1) that a violation of a right secured by the Constitution or laws of the

10   United States was violated, and (2) that the alleged deprivation was committed by a

11   person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

12   B.  Plaintiff's Complaint

13        In this case, Plaintiff has filed a § 1983 action when the criminal charges about

14   which he complains are pending and have not been reversed or otherwise invalidated.

15   In order to recover damages for allegedly unconstitutional conviction or imprisonment,

16   or for other harm caused by actions whose unlawfulness would render a conviction or

17   sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or

18   sentence has been reversed on direct appeal, expunged by executive order, declared

19   invalid by a state tribunal authorized to make such determination, or called into

20   question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*,

21   512 U.S. 477, 486-487 (1994).  An action under 42 U.S.C. § 1983 seeking damages

22   for an alleged illegal search and seizure of evidence upon which criminal charges are

23   based does not accrue under *Heck v. Humphrey*, 512 U.S. 477 (1994), until criminal

24   charges have been dismissed or the conviction has been overturned. *See Harvey v.

25   Waldron*, 210 F.3d 1008, 1014-16 (9th Cir. 2000) (claim that gaming devices had been

26   unlawfully searched for and seized under the Fourth Amendment barred by *Heck* until

27   charges for unlawful possession of gaming devices were dismissed).

28                                    2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

This court should not stay any § 1983 claim for damages implicating the validity of a criminal conviction or sentence until criminal proceedings are completed. *Edwards v. Balisok*, 520 U.S. 641, 649 (1997). *Heck* makes it clear that a § 1983 "cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck*, 512 U.S. at 489-90 (footnote omitted). Any such claim is not cognizable and therefore should be dismissed. *See Edwards*, 520 U.S. at 649; *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1098 (9th Cir. 2004) (claims for damages were not cognizable at the time of the district court's ruling which occurred prior to the Ninth Circuit's grant of habeas relief); *Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997) (claim barred by *Heck* may be dismissed under Rule 12(b)(6)); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (claim barred by *Heck* may be dismissed sua sponte without prejudice under 28 U.S.C. §1915).

Moreover, to the extent that Plaintiff seeks injunctive relief, Plaintiff's claims here are barred under the *Younger* abstention doctrine. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971). *Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). All three elements must be present. *Agriesti v. MGM Grand Hotels, Inc.*, 53 F.3d 1000, 1001 (9th Cir. 1995) (abstention improper where arrest and issuance of citation were executive acts not judicial in nature, and only potential for future state judicial proceedings existed). The state proceedings must be pending, not merely available,

and plaintiffs must be seeking relief that would interfere in some manner with the state court litigation. *See Green v. City of Tucson*, 255 F.3d 1086, 1094 (9th Cir. 2001). Plaintiff has alleged that a criminal prosecution against him is pending in state court, and Plaintiff must first raise this issue there. Where, as here, Plaintiff's claims are barred under *Heck* and the *Younger* abstention doctrine, the action must be DISMISSED without prejudice.

## CONCLUSION

For the forgoing reasons, Plaintiff's complaint is hereby DISMISSED. The Clerk shall close the file and enter judgment in this case.

IT IS SO ORDERED.

DATED:  January 25, 2008

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

STEPHEN W. OWENS,

           Plaintiff,

    v.

SANTA CLARA COUNTY POLICE
DEPARTMENT et al,

           Defendant.

_____/

Case Number: CV08-00291 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 25, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Stephen W. Owens
DXV482
885 North San Pedro
San Jose, CA 95110

Dated: January 25, 2008

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk